**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DEMETRIUS JOHNSON** | **PLAINTIFF** |
| **v.** | **CIVIL ACTION NO. 1:25-cv-324-TBM-RPM** |
| **ERICH NICHOLS, *et al.*** | **DEFENDANTS** |

**ORDER**

*Pro se* Plaintiff Demetrius Johnson asserts claims against HealthWallet, LLC and its members, a company in which Johnson held a membership interest. But this is after Johnson filed a similar cause of action in state court, which was dismissed as time-barred. Now, Johnson comes to this Court, saying he was fraudulently removed as a HealthWallet member, and that fraud and misrepresentation resulted in the loss of his ownership interest. The Defendants have moved to dismiss, arguing that Johnson's suit is barred by res judicata or collateral estoppel, or, in the alternative, for a failure to plead his claims with particularity. But res judicata and collateral estoppel do not apply because, under Mississippi law, a dismissal based on the statute of limitations is not a final adjudication on the merits. And Johnson has sufficiently pled his case with particularity such that it should proceed, at least at this early stage. Notably, the Defendants did not move to dismiss this federal case on statute of limitations grounds. The Motion to Dismiss [5] is denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

All the parties to this case are either current or former members of HealthWallet, LLC, a Mississippi limited liability company. *Pro se* Plaintiff Demetrius Johnson was a co-founder of HealthWallet. [3], p. 2. In addition to co-founding HealthWallet, Johnson also owned a 31.167

percent membership interest in the company. But in June of 2022, Johnson claims that he discovered that "he had been removed from company records without notice," despite the fact that he "never sold, transferred, or relinquished that ownership interest, nor was he formally terminated or bought out." *Id.* Later, in October of 2022, Johnson received an amended operating agreement dated November 2019, "purporting to bear his signature," but that "[a] qualified forensic handwriting expert concluded that the signature was *forged* and not written by [Johnson.]" *Id.* (emphasis in original). Johnson now brings suit in this Court, asserting claims of fraud, forgery, breach of fiduciary duty, civil conspiracy, conversion or unjust enrichment, and declaratory judgment against current and former HealthWallet members. *Id.* at pps. 2-4.

Johnson brought similar claims in a state court action. In February 2024, Johnson filed suit in the Circuit Court of Harrison County, Mississippi, alleging wrongful transfer of his membership interest in HealthWallet. *See* [7-1]. The Circuit Court of Harrison County granted summary judgment for the Defendants on December 17, 2024, finding that Johnson's claims were barred by the statute of limitations. *Id.*

The Defendants have now filed a Motion to Dismiss [5] based on res judicata and collateral estoppel, as well as Rules 12(b)(6), 8(a), and 9(b). The Defendants argue that "this case is duplicative of a previously filed and ongoing Mississippi state court lawsuit involving the same parties, the same operative facts, and the same causes of action," and that Johnson "fails to plausibly plead any viable claim for relief[.]" [6], pps. 1-2.

## II. STANDARD OF REVIEW

A finding of res judicata is appropriate on a motion to dismiss when the res judicata bar is apparent from the face of the pleadings and judicially noticed facts. *Kansa Reinsurance Co. v. Cong.*

*Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994). Res judicata is considered an affirmative defense under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 8(c); *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir. 2017). Although res judicata generally cannot be raised in a motion to dismiss and should instead "be pleaded as an affirmative defense," dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from both the complaint and judicially noticed facts, and the plaintiff fails to challenge the defendant's failure to plead as an affirmative defense. *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citations omitted).

"The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (quoting FED. R. CIV. P. 8(a)(2)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probable meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged. The factual allegations must be 'enough to raise a right to relief above the speculation level.'

*Oceanic Expl. Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 570). The Court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th

Cir. 2000). "The issue is not whether the plaintiff[] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim[s]." *Cook v. City of Dallas*, 683 F. App'x 315, 318 (5th Cir. 2017) (citation omitted).

## III. DISCUSSION

### A. Res Judicata and Collateral Estoppel

First, and as a matter of federal common law, "federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests." *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001). In "determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment." *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). Because the earlier state court judgment was rendered by a Mississippi state court, Mississippi law applies.

"Res judicata is a doctrine of claim preclusion." *Derr v. Swarek*, 766 F.3d 430, 440 (5th Cir. 2014) (quoting *Garcino v. Noel*, 100 So. 3d 470, 475 (Miss. Ct. App. 2012)). Under Mississippi law, "the doctrine of res judicata bars parties from litigating claims 'within the scope of the judgment' in a prior action." *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (quoting *Anderson v. LaVere*, 895 So. 2d 828, 832 (Miss. 2004)). "When a court of competent jurisdiction adjudicates—that is, enters a final judgment on the merits of the action—the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action." *Garcino*, 100 So. 3d at 476 (internal quotation marks omitted).

For res judicata to apply, there must be a "final judgment on the merits of an action" from "a court of competent jurisdiction." *Anderson*, 953 F.3d at 315. Additionally, under Mississippi

law, four "identities" must be present for res judicata: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Id.*; *see also Green v. Amerada Hess Corp.*, 707 F.2d 201, 206-07 (5th Cir. 1983).[1] "[T]he absence of any one of the elements is fatal to the defense of res judicata." *Harrison*, 891 So. 2d at 232. But if these four identities are present, the doctrine of res judicata will prevent the parties from relitigating all issues that were decided or could have been raised in the previous action. *Id.*

The Court finds that, under Mississippi law, there has not been a final adjudication on the merits in this case since the state court[2] action was dismissed based on the statute of limitations. *See* [7-1], pps. 5-7. Indeed, "[a] dismissal on statute of limitations grounds does not reach the merits of the case. Accordingly, [Mississippi law] without equivocation has held that a dismissal on statute of limitations grounds is not a dismissal on the merits" for purposes of res judicata. *Methodist Healthcare-Olive Branch Hosp. v. McNutt*, 323 So. 3d 1051, 1059 (Miss. 2021) (citing *Patton v. Mack*

---

[1] The Defendants offer the following elements for res judicata: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. [6], p. 6 (citing *Brown v. Byrd*, No. 1:15-CV-105-HSO-JCG, 2016 WL 11476944, at *2 (S.D. Miss. June 22, 2016)). However, while extremely similar, these res judicata elements are used "[t]o determine the preclusive effective of a prior *federal* court judgment[.]" *Brown*, 2016 WL 11476944, at *2 (citing *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 n.8 (5th Cir. 2013) (emphasis added)). In those instances, "federal courts apply federal common law." *Brown*, 2016 WL 11476944, at *2. But when, as here, a federal court reviews the preclusive effect of a *state* court judgment, "federal courts apply the preclusion law of the state that rendered the judgment." *Weaver*, 660 F.3d at 906.

[2] The Defendants attached certain filings from the state court action to their Motion to Dismiss [5], including the Complaint, the Order granting the Defendants' Motion for Summary Judgment, the Order denying the Plaintiffs' Motion to Supplement the Record on Appeal, and the Order Denying the Plaintiffs' Motion to Review Denial of Supplementation of the Record on Appeal. *See* [5], pps. 2-3; *see also* [7]. The Defendants "request that the Court take judicial notice of the exhibits . . . which are public documents filed in the above-referenced state court proceedings." [5], p. 2. The Court takes judicial notice of the documents attached as exhibits, but it does not take judicial notice of any factual findings of the state court. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998). Indeed, these findings do not constitute facts "not subject to reasonable dispute" within the meaning of Rule 201 of the Federal Rules of Evidence. *Id.*

*Trucks, Inc.*, 556 So. 2d 679, 680 (Miss. 1989)). And the fact that the state court dismissal was one with prejudice is of no consequence. *See id.* ("[T]he mere fact that the judgment recited 'with prejudice' does not control . . . A final judgment on the merits is a judgment based on the evidence rather than on the technical or procedural grounds." (citations omitted)). To reiterate, "Mississippi law does not regard a 'dismissal with prejudice' for failure to comply with Mississippi's statute of limitations as a final judgment on the merits for purposes of res judicata." *Gulf Machinery Sales & Engineering Corp. v. Heublein, Inc.*, 211 F. Supp. 2d 1357, 1362 (M.D. Fla. 2002). Because there has not been a final adjudication on the merits, res judicata does not apply.[3]

On the other hand, "collateral estoppel, unlike the broader doctrine of res judicata, applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated." *Bell v. Tallahatchie Cnty.*, 440 F. Supp. 3d 569, 573 (N.D. Miss. 2020) (citing *Dunaway v. W.H. Hopper & Assoc.*, 422 So. 2d 749, 751 (Miss. 1982)). Specifically, collateral estoppel precludes relitigating a specific issue, which was (1) actually litigated in the former action; (2) determined by the former action; and (3) essential to the judgment in the former action. *Gibson v. Williams, Willliams & Montgomery, P.A.*, 186 So. 3d 836, 845 (Miss. 2016). But like res judicata, a final judgment on the merits is also an elementary requirement for the application of collateral estoppel. *Anderson v. R & D Foods, Inc.*, 913 So. 2d 394, 400 (Miss. Ct. App. 2005). For the reasons explained above, a dismissal based on the statute of limitations, even if it is with prejudice, is not a

[3] The Defendants raise the statute of limitations only in the context of res judicata and collateral estoppel, but not as a standalone defense. While this certainly would have been a prevailing argument, the Court cannot *sua sponte* raise the running of the statute of limitations here. *See Lebouef v. Island Operating Co., Inc.*, 342 F. App'x 983, 984 (5th Cir. 2009) ("A court may raise a [statute of] limitations bar *sua sponte* only in a limited number of particular circumstances," such as habeas corpus proceedings, prisoner actions under 28 U.S.C. § 1915A, and *in forma pauperis* suits under 28 U.S.C. § 1915); *see also Ogbebor v. Hardy*, No. 24-30403, 2025 WL 586822, at *2 (5th Cir. Feb. 24, 2025).

final judgment on the merits under Mississippi law. As a result, the doctrine of collateral estoppel does not apply here.

Johnson's claims are not due to be dismissed under either res judicata or collateral estoppel. So the Court must examine the sufficiency of Johnson's claims. Johnson alleges that the Defendants committed fraud, forgery, breach of fiduciary duty, civil conspiracy, and conversion or unjust enrichment when they "knowingly made false representations that the November 2019 Operating Agreement was valid and bore Plaintiff's genuine signature." [3], p. 3

**B. Fraud and Forgery**

"A heightened level of pleading is imposed for fraud claims: '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2009) (quoting FED. R. CIV. P. 9(b)). To satisfy Rule 9(b)'s heightened standards, fraud allegations must: (1) identify the speaker of the allegedly fraudulent statement or omission; (2) indicate the time and location of the statement or omission; and (3) explain why the statement or omission was fraudulent. *See Nathenston v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001). In other words, Rule 9(b) "requires the who, what, when, where, and how to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724. So plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Hermann Holdings, Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotations omitted). But these requirements are "not a straitjacket," and the application of Rule 9(b) must be "context specific and flexible." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009). In applying Rule 9(b), the focus of courts should be on ensuring that the

"complaint provides defendants with fair notice of the [plaintiff's] claims[.]" *El Paso Disposal, LP v. Ecube Labs Co.*, 766 F. Supp. 3d 692, 702 (W.D. Tex. 2025) (quoting *Kanneganti*, 565 F.3d at 190).

Johnson alleges that he was removed from HealthWallet's "company records without notice." [3], para. 10. In support of this allegation, Johnson explains that HealthWallet's updated operating agreement "purport[ed] to bear his signature," that "[a] qualified forensic handwriting expert concludes that the signature was forged," and that "Defendants relied upon and circulated this forged document to counsel and third parties[.]" *Id.* at paras. 11-13.[4] But the Defendants argue that Johnson's fraud and forgery claims should be dismissed because they do not "identify any particular person who made any alleged misrepresentation(s), when or where it/they occurred, what was said, or how Plaintiff relied on such misrepresentation(s) to its detriment." [6], p. 11.

The Defendants' argument misses the mark. Johnson has sufficiently pled, at least at this stage, fraud and forgery. Johnson has identified a "who, what, when, where, and how" for his fraud claim. Indeed, his complaint identifies several HealthWallet members, including Erich Nichols, Ryan Coplon, Patricia Coplon, and James McLendon, as the alleged perpetrators who circulated a document from November 2019 that bore Johnson's forged signature. Johnson also specifically identifies McLendon and says he "previously made statements acknowledging . . . that the

[4] Johson filed a Surreply [16] without leave of Court. While it is within the Court's discretion to allow additional briefing, "[t]his court's experience, shared by others in reported decisions, is that surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter." *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020). And while "a district court abuses its discretion when it denies the party the opportunity to file a surreply in response to a reply brief that raised new arguments," Johnson did not seek leave to file his surreply, and the Defendants' Reply did not raise new arguments. *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr.-DTD 2.8/95*, 836 F. App'x 232, 235 (5th Cir. 2020) (internal citations omitted). Accordingly, the Court will not consider Johnson's Surreply [16].

signature was not authentic." [3], para. 15. And Johnson further explains that the Defendants' actions were "to misappropriate Plaintiff's ownership" interest in HealthWallet. *Id.* at para. 17.

**C. Breach of Fiduciary Duty and Civil Conspiracy**

In addition to his fraud claims, Johnson also alleges breach of fiduciary duty, civil conspiracy, and conversion or unjust enrichment.

First, for breach of fiduciary duty, Johnson says that the Defendants were guilty of "secretly creating and using a forged document, excluding Plaintiff from profits, and concealing material facts." [3], p. 3. Johnson further alleges that "he had been removed from company records without notice." *Id.* at p. 2. Accordingly, Johnson's claim here is predicated on fraudulent conduct.

Generally, breach of fiduciary duty claims must meet only the requirements of Rule 8(a). *R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 716 (S.D. Tex. 2020); *see also Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 124 (5th Cir. 2019). But when, as here, the claim is based on fraudulent conduct, courts require Rule 9(b) specificity. *Id.* (collecting cases). For the reasons explained in relation to Johnson's fraud claims, Johnson has sufficiently alleged a breach of fiduciary duty based on fraudulent conduct. Indeed, Johnson has identified the document that contained his allegedly forged signature, the specific Defendants involved, that he was removed from HealthWallet's records as a result, and that he discovered his removal in June 2022. *See* [3], p. 2.

Next, Johnson brings a civil conspiracy claim. He alleges that the "Defendants agreed and acted in concert to commit the unlawful acts of fraud, forgery, and breach of fiduciary duty for the purposes of depriving Plaintiff of his ownership and profits." *Id.* at p. 3. Similar to the breach of fiduciary duty claim, Johnson's conspiracy claim is predicated on alleged fraud.

"While Mississippi has never expressly defined the elements in a conspiracy to defraud suit, [Mississippi law says] that the common elements, generally accepted, are: 1) a conspiracy; 2) an overt act of fraud in furtherance of the conspiracy; and 3) damages to the plaintiff as a result of the fraud." *Midwest Feeders, Inc. v. Bank of Franklin*, 114 F. Supp. 3d 419, 430 n.5 (S.D. Miss. 2015) (citing *Delta Chem. & Petroleum, Inc. v. Citizens Bank of Byhalia, Miss.*, 790 So. 2d 862, 871 (Miss. Ct. App. 2001)).

The Court finds that Johnson, at least at this stage, has identified sufficient facts so that his civil conspiracy claim may survive. Indeed, Johnson notes that the Defendants agreed to forge his signature and circulate the forged document so that they could obtain his ownership interest. Accepting Johnson's factual allegations as true, and construing in the light most favorable to Johnson, the Court finds that he has sufficiently pled a claim of civil conspiracy based on fraud.

**D. Conversion and Unjust Enrichment**

Finally, Johnson claims conversion or unjust enrichment because the "Defendants wrongfully exercised dominion and control over Plaintiff's membership interests and proceeds." *Id.* at p. 3. But the Defendants believe that Johnson does not detail "how Defendants removed Plaintiff from company records[.]" [6], p. 14.

At this stage, Johnson's claims should proceed. But discovery may prove that these claims are not supported by sufficient facts to go forward and could be subject to dismissal at the summary judgment stage. The Court "simply concludes, at this point, that the plaintiff has sufficiently pled its claims to defeat dismissal at this stage and should be allowed to go forward with discovery." *Int'l Fire & Safety, Inc. v. HC Servs.*, Civ. Action No. 2:06-cv-63-KS-MTP, 2006 WL 2483336 (S.D. Miss. Aug. 28, 2006).

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendants Erich Nichols, Ryan Coplon, Patricia Coplon, James McLendon, and HealthWallet, LLC's Motion to Dismiss [5] is DENIED.

SO ORDERED AND ADJUDGED, this the 19th day of August, 2026.

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**